# Islam Declaration Exhibit 10

*Execution Version*

## PURCHASE AND SALE AGREEMENT

THIS PURCHASE AND SALE AGREEMENT (this "Agreement") is made and entered into as of August 17, 2021, by and between Triton Hedron, LLC, a Louisiana limited liability company ("Hedron Buyer") and Noble Capital, LLC, a Louisiana limited liability company ("Loan Buyer"; and together with Hedron Buyer, collectively, the "Buyer") and NAVARRO HEDRON, LLC, a Delaware limited liability company ("Hedron Seller"), the lenders party to the below defined Senior Loan Agreement and WHITE OAK GLOBAL ADVISORS, LLC, a Delaware limited liability company, in its capacity as the Senior Agent (defined below) (such lenders and the Senior Agent the "Senior Lending Parties"), the lenders party to the below defined Junior Loan Agreement, and ACQUA LIANA CAPITAL PARTNERS, LLC, a Texas limited liability company, in its capacity as the Junior Agent (defined below) (such lenders and the Junior Agent the "Junior Lending Parties"; the Junior Lending Parties, together with the Senior Lending Parties and the Hedron Seller, collectively the "Sellers" and each individually a "Seller"; the "Sellers" and, together with "Buyer", sometimes referred to individually as a "Party" and collectively as the "Parties").

## RECITALS

WHEREAS, Hedron Seller desires to sell to Hedron Buyer, and Hedron Buyer desires to buy from Hedron Seller, under the terms and conditions of that certain Bill of Sale (the "Bill of Sale") in customary form with respect to a transfer of ownership in a vessel (which Bill of Sale shall transfer title to Hedron Buyer or such other entity as is identified in writing by Hedron Buyer to Hedron Seller prior to the Closing Date), the vessel commonly referred to as EPIC HEDRON (Official No. 2056 duly documented under and pursuant to the laws of the Republic of Vanuatu) together with all improvements and structures attached thereto (the "Barge"), which is currently in Buyers possession;

WHEREAS in addition the Senior Lending Parties desire to sell to Loan Buyer, and Loan Buyer desires to buy from the Senior Lending Parties all of the Senior Lending Parties' right, title and interest under that certain Loan Agreement, dated as of January 14, 2020 (as amended, supplemented or otherwise modified, the "Senior Loan Agreement"), among AES DECOM HOLDINGS, LLC, a Louisiana limited liability company ("AES Decom"), AES-EOT EQUIPMENT HOLDINGS, LLC, a Louisiana limited liability company ("AES-EOT"), DICKSON ROAD INVESTMENTS, LLC, a Louisiana limited liability company ("Dickson Road"), TRITON EQUIPMENT HOLDINGS, LLC, a Louisiana limited liability company ("Triton Equipment"), EXPLORER DSV HOLDINGS, LLC, a Louisiana limited liability company ("Explorer DSV"), PATRIOT DSV HOLDINGS, LLC, a Louisiana limited liability company ("Patriot DSV"), TRITON HEDRON, LLC, a Louisiana limited liability company ("Triton Hedron", together with AES Decom, AES-EOT, Dickson Road, Triton Equipment, Explorer DSV, Patriot DSV, and any other Persons that become a "Borrower" thereunder, each a "Borrower", and collectively, jointly and severally, the "Borrowers"), HEAVY LIFT HOLDINGS, LLC, a Louisiana limited liability company ("Heavy Lift", together with any other Persons that become a "Parent" thereunder, each a "Parent", and collectively, jointly and severally, the "Parents"), the several entities from time to time party thereto as lenders (each a "Senior Lender" and collectively the "Senior Lenders"), Hedron Seller, and WHITE OAK GLOBAL ADVISORS, LLC, a Delaware limited liability company, as "Administrative Agent"

(in such capacity, the "Senior Agent") and the Loan Documents (as defined in the Senior Loan Agreement) (collectively, the "Senior Loans") and in connection therewith the Senior Agent shall enter into an agreement resigning as the administrative agent under the Senior Loan Agreement and appointing the Buyer or its designee as its successor in interest, in reasonably customary form under the circumstances (the "Resignation of Senior Agent and Appointment Agreement");

WHEREAS in addition the Junior Lending Parties desire to sell to Loan Buyer, and Loan Buyer desires to buy from the Junior Lending Parties all of the Junior Lending Parties' right, title and interest under that certain Loan Agreement, dated as of January 14, 2020 (as amended, supplemented or otherwise modified, the "Junior Loan Agreement"), among Borrowers, Parents, the several entities from time to time party thereto as lenders (the "Junior Lender"), Hedron Seller, and ACQUA LIANA CAPITAL PARTNERS, LLC, a Texas limited liability company, as "Administrative Agent" (in such capacity, the "Junior Agent") and the Loan Documents (as defined in the Junior Loan Agreement) (collectively, the "Junior Loans"; the Barge, Senior Loans and Junior Loans collectively, the "Purchased Assets") and in connection therewith the Junior Agent shall enter into an agreement resigning as the administrative agent under the Junior Loan Agreement and appointing the Buyer or its designee as its successor in interest, in reasonably customary form under the circumstances (the "Resignation of Junior Agent and Appointment Agreement");

NOW THEREFORE, in consideration of the foregoing and of the mutual covenants hereinafter set forth, the parties hereto agree as follows:

1. <u>Deposit</u>. On or before August 17, 2021, Buyer shall deposit $3,000,000.00 by wire transfer in immediately available funds (the "Deposit") in the restricted deposit account maintained by Dickson Road Investments, LLC with JP Morgan Chase Bank, N.A., identified as account number 709651191 (the "Blocked Account") and, in respect thereof, the parties to the Senior Loan Agreement, Junior Loan Agreement and the Hedron Lease (as defined in the Senior Loan Agreement), are respectively entering into certain amendments thereunder.

2. <u>Agreement for Sale of Purchased Assets</u>. Each of the respective Sellers party hereto hereby agrees to sell the Purchased Assets to the Buyer and the Buyer hereby agrees to buy the Purchased Assets from the Sellers on or before the Closing Date Deadline. **EACH SELLER EXPRESSLY DISCLAIMS AND NEGATES ANY REPRESENTATION OR WARRANTY, EXPRESS, IMPLIED, AT COMMON LAW, BY STATUTE, IN ADMIRALTY OR OTHERWISE, RELATING TO THE PURCHASED ASSETS, INCLUDING, WITHOUT LIMITATION, ANY IMPLIED OR EXPRESS WARRANTY OF MERCHANTABILITY, OF SEAWORTHINESS, OF REDHIBITION, OF VALUE, OF DESIGN, OF FITNESS FOR A PARTICULAR PURPOSE OR USE. EACH SELLER AND BUYER AGREES THAT THE PURCHASED ASSETS SHALL BE SOLD BY THE SELLERS TO BUYER "AS IS, WHERE IS, AND WITH ALL FAULTS" AND ARE TRANSFERED WITHOUT ANY REPRESENTATIONS OR WARRANTIES OF ANY KIND.** To the extent required by applicable law to be operative, this notice and the disclaimers of certain warranties contained in this paragraph are fair, sufficient and conspicuous for the purposes of any applicable law, regulation, rule, or order.

3. <u>Closing Date</u>. On or before August 31, 2021 (the "<u>Closing Date Deadline</u>"), (i) the Barge shall be accepted by Hedron Buyer and the Buyer shall pay an aggregate purchase price for the Purchased Assets equal to $22,500,000.00 (the "<u>Purchase Price</u>"), (ii) the Senior Lending Parties' right, title and interest in the Senior Loans shall be assigned from the Senior Lending Parties to Loan Buyer in accordance with an Assignment and Assumption substantially in the form attached as Exhibit A to the Senior Loan Agreement (the "<u>Senior Omnibus Assignment and Assumption</u>") and (iii) the Junior Lending Parties' right, title and interest in the Junior Loans shall be assigned from the Junior Lending Parties to Loan Buyer in accordance with an Assignment and Assumption substantially in the form attached as Exhibit A to the Junior Loan Agreement (the "<u>Junior Omnibus Assignment and Assumption</u>") (collectively, the "<u>Closing</u>").

4. <u>Disposition of the Deposit and other Assets and Termination</u>. The Parties shall act in accordance with, and Sellers shall hold and release the Deposit as follows (and in the case of clauses (ii) and (iv), Alliance Owner shall cause the Buyer to comply with Buyer's obligations set forth below in clauses (ii) and (iv)):

(i) At the Closing, the Deposit, together with the other funds held in the Blocked Account, shall be applied to the Purchase Price.

(ii) Should Buyer default in the performance of its obligations under <u>Section 5(a)</u>, Sellers shall have the option to terminate this Agreement in accordance with <u>Section 8</u>, and if this agreement is so terminated: (A) Sellers shall receive the Deposit, and Senior Agent shall be entitled to direct JP Morgan Chase Bank, N.A. to transfer the Deposit, together with the other funds maintained in the Blocked Account, from the Blocked Account to a deposit account(s) designated by Sellers, (B) the provisions of the below defined Side Letter to the contrary notwithstanding, Triton Hedron shall deliver possession of the Hedron to Hedron Seller on or before September 15, 2021, at Port Fourchon, Louisiana, and (C) the provisions of the below defined Side Letter to the contrary notwithstanding, Buyer shall deliver the other Assets (as such term is defined in paragraph 3(a) of that certain letter agreement dated June 14, 2021 by and among Parents, Borrowers, Senior Agent, the Senior Lenders, Junior Agent and Junior Lender, the "<u>Side Letter</u>") to Sellers on or before September 15, 2021, or as soon thereafter as delivery can practically be accomplished, at 309 Dickson Road, Houma, Louisiana 70363.

(iii) If (a) the Sellers default in the performance of its obligations under <u>Section 5(b)</u>, and (b) Buyer is in compliance with all obligations under <u>Section 5(a)</u>, Buyer shall have the option to terminate this Agreement by written notice to the Sellers, and upon the exercise of such option: (A) Senior Agent hereby agrees that it shall promptly direct JP Morgan Chase Bank, N.A. to transfer the Deposit from the Blocked Account (but for the avoidance of doubt not the other funds maintained therein) to a deposit account designated by Buyer to Senior Agent in writing, and (B) the provisions of the below defined Side Letter to the contrary notwithstanding, Triton Hedron shall deliver possession of the Hedron to Hedron Seller on or before September 15, 2021, at Port Fourchon, Louisiana.

(iv) If the Closing has not occurred by the Closing Date Deadline, other than as a result of clause (iii): (A) this Agreement shall be immediately terminated in accordance

3

with Section 8, (B) the Sellers shall receive the Deposit and immediately upon such termination Senior Agent shall be entitled to direct JP Morgan Chase Bank, N.A. to transfer the Deposit, together with the other funds maintained in the Blocked Account, from the Blocked Account to a deposit account(s) designated by Sellers, (C) the provisions of the Side Letter to the contrary notwithstanding, Hedron Buyer shall deliver possession of the Hedron to Hedron Seller on or before September 15, 2021, at Port Fourchon, Louisiana, and (D) the provisions of the Side Letter to the contrary notwithstanding, Buyer shall deliver the other Assets (as such term is defined in section 3(a) of the Side Letter) to Sellers on or before September 15, 2021, or as soon thereafter as delivery can practically be accomplished, at 309 Dickson Road, Houma, Louisiana 70363; provided that if the Closing has not occurred by the Closing Date Deadline solely as a result of an event that is outside of the control of Buyer that prevents Buyer from being able to satisfy its obligations under Section 5(a) below (a "Force Majeure Event"), then the Closing Date Deadline shall be extended until such time as such Force Majeure Event no longer prevents the Buyer from being able to satisfy its obligations under Section 5(a) below; provided that in no event shall a Force Majeure Event include events resulting from the novel coronavirus COVID-19 pandemic which are ongoing as of the date of this Agreement.

    5.    Closing Obligations

        (a)    On or before the Closing Date Deadline, Buyer shall:

            (i)    Cause the Purchase Price (*minus* the Deposit and other funds held in the Blocked Account) to be paid by wire transfer of immediately available funds to the account(s) designated by Sellers in writing;

            (ii)    Deliver a counterpart signature page to the Bill of Sale;

            (iii)    Deliver a counterpart signature page to the Senior Omnibus Assignment and Assumption;

            (iv)    Deliver a counterpart signature page to the Junior Omnibus Assignment and Assumption;

            (v)    Deliver a counterpart signature page to the Resignation of Senior Agent and Appointment Agreement;

            (vi)    Deliver a counterpart signature page to the Resignation of Junior Agent and Appointment Agreement; and

            (vii)    Deliver a counterpart signature page to a termination agreement in respect of that certain Charter Agreement by and between Hedron Seller and TRITON HEDRON, LLC, dated as of January 14, 2020, in reasonably customary form under the circumstances (the "Hedron Lease Termination").

        (b)    On or before the Closing Date Deadline (but subject to the satisfaction of the Buyer's obligations in Section 5(a) above), the applicable Sellers shall:

            (i)    Deliver a counterpart signature page to the Bill of Sale;

        (ii)    Deliver a counterpart signature page to the Senior Omnibus Assignment and Assumption;

        (iii)    Deliver a counterpart signature page to the Junior Omnibus Assignment and Assumption;

        (iv)    Deliver a counterpart signature page to the Resignation of Senior Agent and Appointment Agreement;

        (v)    Deliver a counterpart signature page to the Resignation of Junior Agent and Appointment Agreement;

        (vi)    Deliver a counterpart signature page to the Hedron Lease Termination.

        (vii)    Deliver an executed release of that certain First Preferred Mortgage, granted by Navarro Hedron, LLC in favor of White Oak Global Advisors, LLC, as Administrative Agent and as trustee, on the Epic Hedron vessel, Official No. 2056, recorded at 10:36 a.m. (EST) in Book PM 41, Page 6, at the port of New York, New York, USA, on January 23, 2020.

        (viii)    Deliver an executed release of that certain Second Preferred Mortgage, granted by Navarro Hedron, LLC in favor of Aqua Liana Capital Partners, LLC, as Administrative Agent and as trustee, on the Epic Hedron vessel, Official No. 2056, recorded at 10:37 a.m. (EST) in Book PM 41, Page 7, at the port of New York, New York, USA, on January 23, 2020.

The Sellers shall act in good faith to prepare the documents contemplated by this Agreement so that the Parties have a reasonable time period to review such documents prior to the Closing Date Deadline.

    6.    <u>Documentation</u>.  At the Closing, the Buyer and the Sellers will deliver the executed: (i) Bill of Sale, (ii) Senior Omnibus Assignment and Assumption, (iii) Junior Omnibus Assignment and Assumption, (iv) Resignation of Senior Agent and Appointment Agreement, (v) Resignation of Junior Agent and Appointment Agreement, and (vi) the Hedron Lease Termination.

    7.    <u>Notices</u>.  All notices, requests, demands and other communications required under this Agreement shall be in writing, in English, and shall be deemed to have been duly given if delivered (i) personally, (ii) on the day of transmission if sent by electronic mail ("e-mail") with a PDF attachment executed by an Authorized Representative of the Party/ Parties to the e-mail address given below, and written confirmation of receipt is obtained promptly after completion of the transmission, (iii) by overnight delivery with a reputable national overnight delivery service, or (iv) by mail or by certified mail, return receipt requested, and postage prepaid. If any notice is mailed, it shall be deemed given five Business Days after the date such notice is deposited with the United States Postal Service.  If notice is given to a Party, it shall be given at the address for such Party set forth below. It shall be the responsibility of the Parties to notify the other Party in writing of any name or address changes.

LEGAL_US_W # 108716096.20

<u>if to the Sellers, then to</u>:

NAVARRO CAPITAL PARTNERS, LLC
27120 Fulshear Bend Drive, Suite 900-190
Fulshear, TX 77441
E-mail: Hedroncharter@navarrocapitalpartners.com

With a copy to

WHITE OAK GLOBAL ADVISORS, LLC
3 Embarcadero Center, Suite 550
San Francisco, CA 94111
Facsimile No.: 415-644-4199
Email Address: generalcounsel@whiteoaksf.com

ACQUA LIANA CAPITAL PARTNERS, LLC
c/o White Oak Global Advisors, LLC
3 Embarcadero Center, Suite 550
San Francisco, CA 94111
Facsimile No.: 415-644-4199
Email Address: generalcounsel@whiteoaksf.com

with a copy (which shall not constitute notice) to:

Paul Hastings LLP
515 South Flower Street, Twenty-Fifth Floor
Los Angeles, CA 90071
Attn: Peter Burke
Telephone No.: (213) 683-6000
E-mail: peterburke@paulhastings.com

<u>if to the Buyer, then to</u>:

Noble Capital, LLC
Triton Hedron, LLC
11095 Highway 308 (delivery)
P.O. Box 999 (mailing)
Larose Louisiana, 70373
Facsimile: 985-798-5738
E-mail: swilliams@allianceoffshore.com
         etrosclair@allianceoffshore.com

8.    <u>Termination.</u>  This Agreement shall terminate on the first to occur of (a) the Closing, (b) by mutual written agreement of Buyer and Sellers, (c) the election by Sellers to terminate this Agreement in accordance with the provisions of <u>Section 4(ii)</u>, (d) the election by Buyer to terminate this Agreement in accordance with the provision of <u>Section 4(iii)</u> or (e) if the

6

Closing has not occurred prior to the Closing Date Deadline, the termination of this Agreement in accordance with the provisions of Section 4(iv).

9. Miscellaneous. The provisions of this Agreement may be waived, altered, amended or supplemented, in whole or in part, only by a writing signed the Parties hereto. Neither this Agreement nor any right or interest hereunder may be assigned in whole or in part by any Party without the prior consent of the other Party. This Agreement shall be governed by and construed under the laws of the State of New York. Each Party irrevocably waives any objection on the grounds of venue, forum non-conveniens or any similar grounds and irrevocably consents to service of process by mail or in any other manner permitted by applicable law and consents to the jurisdiction of the courts located in the State of New York. The Parties hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising from or relating to this Agreement. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. All signatures of the Parties to this Agreement may be transmitted by facsimile or electronic transmission in portable document format (.pdf), and such facsimile or .pdf will, for all purposes, be deemed to be the original signature of such party whose signature it reproduces, and will be binding upon such party. If any provision of this Agreement is determined to be prohibited or unenforceable by reason of any applicable law of a jurisdiction, then such provision shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions thereof, and any such prohibition or unenforceability in such jurisdiction shall not invalidate or render unenforceable such provisions in any other jurisdiction.

10. Fees and Expenses. Each of the Parties hereto shall bear its own costs and expenses incurred in connection with the negotiation of this Agreement and the performance of such Party's duties and obligations hereunder; provided, that in the event that any Party hereto fails to comply with the provisions of this Agreement, then the prevailing party shall be entitled to its legal fees incurred in enforcing the provisions of this Agreement against the Party that so fails to comply with the provisions of this Agreement.

11. Further Assurances. Following the date hereof, each party shall deliver to the other parties such further information and documents and shall execute and deliver to the other parties such further instruments and agreements as any other party shall reasonably request to consummate or confirm the transactions provided for herein, to accomplish the purpose hereof or to assure to any other party the benefits hereof.

\* \* \* \* \*

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date set forth above.

BUYER:

NOBLE CAPITAL, LLC

By: _____
Name:
Its:

TRITON HEDRON, LLC

By: _____
Name:
Its:

[*Signature Page to Purchase and Sale Agreement*]

LEGAL_US_W # 108716096.20

SELLERS:

NAVARRO HEDRON, LLC
as Hedron Seller


By: _____
Name:
Its:

WHITE OAK GLOBAL ADVISORS, LLC
as Senior Agent

By:_____
Name:
Title:

WHITE OAK GLOBAL ADVISORS, LLC
not in its individual capacity but as Investment Manager for the lenders under the Senior Loan Agreement


By:_____
Name:
Title:

ACQUA LIANA CAPITAL PARTNERS, LLC
as Junior Agent

By:_____
Name:
Title:

ACQUA LIANA CAPITAL PARTNERS, LLC
as sole lender under the Junior Loan Agreement


By:_____
Name:
Title:

[*Signature Page to Purchase and Sale Agreement*]

LEGAL_US_W # 108716096.20